IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CHAVEZ,

    Plaintiff,               No. CIV S-06-0143 MCE DAD P

    vs.

D. CONTRERAS, et al.,

    Defendants.        <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        In this case, the defendants are employed at and the claims arose in the California Institution for Men in Chino, California. Chino is located in San Bernardino County, which is part of the judicial district known as the Central District of California. Therefore, plaintiff's

1 claims should have been filed in the United States District Court for the Central District of
2 California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong
3 district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932
4 (D.C. Cir. 1974).

5 　　　　　Accordingly, IT IS HEREBY ORDERED that this action is transferred to the
6 United States District Court for the Central District of California for all further proceedings.
7 DATED: January 24, 2006.

```
                                    /s/ Dale A. Drozd
                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE
```

DAD:13:mp
chav0143.21a

2